

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-136-CR

KENNETH WAYNE KELLER                           APPELLANT

V.

THE STATE OF TEXAS                                    STATE

------------

### FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

### MEMORANDUM OPINION[1]

------------

Appellant Kenneth Wayne Keller appeals his conviction for capital murder. In his sole issue, appellant contends that the trial court committed reversible error by admitting his recorded oral statement to police. Specifically, appellant argues that he was not properly admonished according to article 38.22 of the code of criminal procedure before making the statement. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 (Vernon 2005).

---

[1] *See* TEX. R. APP. P. 47.4.

**Background Facts**

On August 12, 2005, Oweta Cawood and her common law husband, Jeff Anderson, were at home when appellant, their neighbor, stopped by for a visit to show Anderson his sawed-off shotgun. Cawood testified that appellant was "always bringing something over odd . . . to show Jeff." Cawood was in the kitchen when she heard a gunshot. She turned and saw appellant shoot Anderson a second time. Appellant then turned and shot Cawood twice.[4 RR 48-9] Cawood's friend Michelle Ek, who was living with Cawood and Anderson, ran outside through the front door, and appellant followed her. While appellant chased Ek, Cawood ran through the bedroom and escaped out of the bathroom window. As Cawood hid in an abandoned car in the backyard, she heard more gunshots from the front yard. Appellant searched for Cawood, but after about twenty minutes he gave up and drove off.

As soon as appellant left, Cawood ran to the road in front of her house and flagged down two men, who called the police. Police later found appellant at his home and arrested him.

A grand jury indicted appellant for capital murder for killing Anderson and Ek. At trial, appellant objected to the admission of a recorded statement that he made to police while in custody after he was arrested because he was not

2

properly admonished under article 38.22 of the code of criminal procedure.  The

relevant portions of the recording are as follows:

[Ranger Tracy Murphree]:          You're Kenneth Keller?

[Appellant]:          Yes, sir.

[Ranger Murphree]:          Correct? Okay.  Kenneth, I know I've read you your rights out at the scene.  I'd like to read them to you again, okay?

[Appellant]:          I'm sorry?

[Ranger Murphree]:          I'm going to read you your rights again just to make sure you understand them, okay?

[Appellant]:          I understand them.

[Ranger Murphree]:          Okay.

[Appellant]:          He read them pretty thoroughly yeah.

[Ranger Murphree]:          Let me read them one more time to you, okay?

[Appellant]:          Okay, yeah, no problem.

[Ranger Murphree]:          You have the right to remain silent and not make any statement at all.  Any statement you make may be used against you in court.  You have the right to have an attorney present during any questioning.  If you cannot afford an attorney, one will be appointed to you without cost.  And you have the right to terminate this

interview at any time. Do you understand those rights?

[Appellant]: Yes, sir.

[Ranger Murphree]: Okay, with those rights in mind, do you wish to talk to me now?

[Appellant]: Um, yeah, yeah. Well I don't, I don't know I don't I don't understand what's going on.

[Ranger Murphree]: Okay.

[Appellant]: Do I need an attorney?

[Ranger Murphree]: It's entirely up to you. I mean I can't give you any advice on that one way or another.

[Appellant]: I mean what what would that consist of? Would we call him and him come up here and?

[Ranger Murphree]: Well, you know you have the right to [have] an attorney be present during any questioning. If you can't afford one, one will be appointed for you. And I can't make that decision for you. That is a decision you have to make.

[Appellant]: I'm just freaking out.

[Ranger Murphree]: I understand.

[Appellant]: I'm just freaking out. I have no idea what's going on.

4

| [Ranger Murphree]: | Okay. |
| | |
| | . . . . |
| | |
| [Ranger Murphree]: | We'd just like to talk to you about an incident that happened if you want to talk to us, I'd like to talk to you about it. |
| | |
| [Appellant]: | I don't have a problem with that. |

The trial court overruled appellant's objections to the admission of the statement. A jury found appellant guilty of capital murder, and the trial court assessed punishment at life imprisonment. Appellant timely filed this appeal.

### Applicable Law and Analysis

The relevant portions of article 38.22 of the Texas Code of Criminal Procedure provide that no oral statement of an accused made as a result of a custodial interrogation shall be admissible against the accused in a criminal proceeding, unless prior to the statement but during the recording, the accused is given the required statutory warnings, and the accused knowingly, intelligently, and voluntarily waives any rights set out in the warning. TEX. CODE CRIM. PROC. ANN. art. 38.22, § 2(a). The statutory warnings include the following:

> (1) he [the accused] has the right to remain silent and not make any statement at all and that any statement the accused makes may be used against him at trial;

5

(2) any statement he makes may be used as evidence against him in court;

(3) he has the right to have a lawyer present to advise him prior to and during any questioning;

(4) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; and

(5) he has the right to terminate the interview at any time.

*Id*.

Appellant argues that although he was warned that any statement he made may be used against him in *court*, Ranger Murphree failed to advise him that the statement could be used against him at *trial*; thus, the warning was insufficient. *See id.* § 2(a)(1), (2). However, under section 3(e)(2) of the statute, a statement satisfies the requirements of article 38.22 if the "accused was given the warning in Subsection (a) of Section 2 . . . or its *fully effective equivalent*." *Id.* § 3(e)(2) (emphasis added); *Bible v. State,* 162 S.W.3d 234, 240 (Tex. Crim. App. 2005). Therefore, if the warnings given by Ranger Murphree were the "fully effective equivalent" of the warnings outlined in section 2(a), then article 38.22 does not bar admission of the statements. TEX. CODE CRIM. PROC. ANN. art. 38.22; *Bible,* 162 S.W.3d at 240.

The Texas Court of Criminal Appeals has previously held that the two warnings at issue in this case "appear to largely overlap and, in fact, 'court' is

6

the broader term, and is reasonably understood to include the term 'trial.'" *Bible,* 162 S.W.3d at 241. Here, Ranger Murphree informed appellant that he had the right to remain silent or not to make any statement, that any statement he made could be used against him in court, that he had a right to have an attorney present or appointed, and that he had the right to terminate the interview at any time. Appellant stated that he understood his rights and chose to talk to Ranger Murphree. Furthermore, appellant acknowledged that he had already been given the warnings once before. We hold that Ranger Murphree's admonishments were the fully effective equivalents of the admonishments listed in article 38.22, section 2(a), and, thus the trial court properly determined that appellant's statements were not barred by article 38.22. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3(e)(2); *Bible,* 162 S.W.3d at 241. Thus, we overrule appellant's sole issue.

7

**Conclusion**

Having overruled appellant's sole issue, we affirm the trial court's judgment.

PER CURIAM

PANEL F:    LIVINGSTON, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: May 15, 2008

8